**DISMISS and Opinion Filed April 23, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00326-CV

### GLORIA DEAN CLARK, Appellant
### V.
### AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, Appellee

**On Appeal from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-09864**

## MEMORANDUM OPINION
Before Justices Myers, Partida-Kipness, and Reichek
Opinion by Justice Myers

The Court questioned its jurisdiction over this appeal because it appeared the notice of appeal was untimely. We instructed appellant to file a letter brief addressing the Court's concern with an opportunity for appellee to file a response.

When a party does not file a timely post-judgment motion extending the appellate timetable, a notice of appeal is due thirty days or, with an extension motion, forty-five days after the date the judgment is signed. *See* TEX. R. APP. P. 26.1, 26.3. Without a timely filed notice of appeal, this Court lacks jurisdiction. *See id.* 25.1(b).

The trial court signed the dismissal order on September 13, 2019. Because appellant did not file a timely post-judgment motion, the notice of appeal was due on Monday, October 14, 2019. *See id.* 4.1(a), 26.1. Appellant filed her notice of appeal along with a motion for extension on March 9, 2020. To obtain an extension, however, the notice of appeal must be filed within fifteen days of the deadline. *See id.* 26.3. Appellant filed the notice of appeal more than four months past the deadline.[1] Although appellant filed a brief, she addressed only the merits of the appeal and not the jurisdictional issue.

Because the notice of appeal was untimely, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

/Lana Myers/
LANA MYERS
JUSTICE

200236F.P05

---

[1] In the extension motion, appellant asserts that she did not get notice of the judgment until March 2, 2020. A party may obtain an extension of the post-judgment deadlines if it does not obtain actual knowledge of the judgment within twenty days, but not more than ninety days, after it is signed by following the procedure set forth in rule 306a of the rules of civil procedure. *See* TEX. R. CIV. P. 306a. Because March 2nd is more than ninety days after the date the order of dismissal was signed, the relief provided in rule 306a(4) is unavailable to appellant.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

GLORIA DEAN CLARK, Appellant

No. 05-20-00326-CV        V.

AMERICAN CASUALTY
COMPANY OF READING,
PENNSYLVANIA, Appellee

On Appeal from the 95th District
Court, Dallas County, Texas
Trial Court Cause No. DC-19-09864.
Opinion delivered by Justice Myers.
Justices Partida-Kipness and Reichek
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA recover its costs of this appeal from appellant GLORIA DEAN CLARK.

Judgment entered this 23rd day of April, 2020.